UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | Case Number: 17-29623 |
| DONALD P JUNGELS | ) | |
| AKA DONNIE JUNGELS | ) | Chapter: 13 |
| | ) | |
| | ) | Honorable LaShonda A. Hunt |
| | ) | Joliet |
| Debtor(s) | ) | |

**AGREED REPAY ORDER WITH PROVISION FOR STAY RELIEF UPON DEFAULT**

THIS CAUSE coming to be heard on the motion of HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2006-E, MORTGAGE-BACKED CERTIFICATES, SERIES 2006-E (hereinafter, "Creditor"), for stay relief and co-debtor stay relief for property located at 384 Kensington Drive, Oswego, IL, the Court having jurisdiction over the subject matter:

IT IS HEREBY ORDERED:

1. The parties have agreed to repay the following post-petition default pursuant to the terms of this order:

a. Mortgage Payment(s)   3/1/2020 - 9/1/2020
   (1 payment @ $1,896.77 and 6 @ $1,974.02)   =   $13,740.89
b. Late Charges
c. NSF Fees (if any)
d. Bankruptcy Fees/Costs   $500 POC; $850.00 prior MFR; $181 prior costs;
   $300 PPFN (2)                                   $1,831.00
e. Other Amounts (if any)
                                        SUB TOTAL   $15,571.89
f. Less amount received (if any): Paid on or about 9/4/2020   (-$11,741.89)
g. Less amount in suspense (if any)                (-$1,881.96)
   Total Amount to be Repaid through this order    $1,948.04

2. That Creditor must receive the following payments by the corresponding dates:

a. $324.67 plus the October, 2020 post-petition mortgage payment on or before the last day of that month;
b. $324.67 plus the November, 2020 post-petition mortgage payment on or before the last day of that month;
c. $324.67 plus the December, 2020 post-petition mortgage payment on or before the last day of that month;
d. $324.67 plus the January, 2021 post-petition mortgage payment on or before the last day of that month;
e. $324.67 plus the February, 2021 post-petition mortgage payment on or before the last day of that month;
f. $324.69 plus the March, 2021 post-petition mortgage payment on or before the last day of that month;

3. That Creditor must receive the payment listed in Paragraph #1(f) on or before September 30, 2020, and the payments listed in Paragraph #2 on or before the corresponding dates. If Creditor fails to receive any one scheduled payment, the repayment schedule is void and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor, the non-filing co-debtor by the name of Danette Jungels, and the Debtor's attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

4. That upon completion of the repayment schedule of paragraph #2 or tender of funds to bring the loan post-petition current under paragraph #3, the Debtor must continue to make "timely" post-petition mortgage payments directly to Creditor continuing monthly thereafter for the pendency of the bankruptcy;

5. That a payment is considered "timely", if the full payment is received in the office of the Creditor on or before the 15th day of the month in which it is due and a late charge is due on all payments received after the 15th day of the month (this provision applies only to the triggering of this order and does not affect what constitutes currency of the loan post-petition);

6. That if Creditor fails to receive two "timely" post-petition monthly mortgage payments and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor, the non-filing co-debtor, and the Debtor's attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

7. In the event that Creditor should have to send out any Notices of Default, Creditor may include up to $100 per notice, as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice;

8. Upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding, payments will be due pursuant to the terms of the original loan agreement and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against Debtor.

Agreed:     /s/ Terri M. Long          /s/ David Cutler
            Attorney for Creditor      Attorney for Debtor

Enter:

/s/ LaShonda A. Hunt
Honorable LaShonda A. Hunt
United States Bankruptcy Judge

Dated: September 24, 2020

**Prepared by:**

Terri M. Long ARDC#6196966
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
File No. (14-17-15036)